# CV 13- 1177

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frantz Coutard,<br><br>                    Plaintiff,<br><br>          -v-<br><br>Municipal Credit Union,<br><br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

**VITALIANO, J.**

Plaintiff Frantz Coutard, ("plaintiff" or "Coutard"), by Abdul K. Hassan, Esq., his attorney, complaining of the defendant Municipal Credit Union ("MCU" or "defendant"), respectfully alleges as follows:

**SCANLON, M.J.**

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendant and pursuant to the Family and Medical Leave Act ("FMLA") 29 USC § 2601 et seq., that defendant violated the FMLA, including 29 U.S.C § 2614, § 2615, when it terminated/discharged plaintiff's employment with it in retaliation/discrimination because plaintiff exercised his rights and engaged in protected activity under the FMLA. Plaintiff seeks the recovery of lost income including back pay and front pay, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorney's fees and costs, pursuant to 29 USC § 2617.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Family and Medical Leave Act pursuant to 29 U.S.C. § 2617 including 29 U.S.C. § 2617(a)(2).

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 2617 including 29 U.S.C. § 2617(a)(2).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201,

1                                    1

2202.

## THE PARTIES

5. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

6. Upon information and belief, defendant Municipal Credit Union (MCU) is a state chartered credit union headquartered in New York City, regulated under the authority of the National Credit Union Administration (NCUA).

## STATEMENT OF FACTS

7. Upon information and belief, and at all times relevant herein, defendant was engaged in the business of providing a wide variety of credit union and banking services to its customers. See http://www.nymcu.org/

8. Upon information and belief, and at all times relevant herein, defendant MCU operated credit union branches through the New York City and New York Metro area.

9. Plaintiff was employed by defendant for about 2 years consecutively and continuously ending on or about February 4, 2013.

10. At all times relevant herein, plaintiff was employed by defendant as a customer service representative/receptionist, answering the phone and providing help to customers.

11. For the twelve-month period preceding January 22, 2013, plaintiff worked more than 1250 hours for defendant – plaintiff worked full time for defendant – forty or more hours a week.

12. At all times relevant herein, plaintiff was employed by defendant at its location at 22 Cortland Street, New York, NY 10007.

13. Upon information and belief and at all times relevant herein, defendant's location at which

2                                        2

plaintiff worked had over 50 employees of defendant.

14. Upon information and belief and at all times relevant herein, defendant's location at which plaintiff worked together with defendant's other branches in Manhattan and New York City had had over 100 employees of defendant.

15. Upon information and belief, and at all times relevant herein, defendant had annual revenues of tens of millions of dollars.

16. At all times relevant herein, plaintiff was employed by defendant as an hourly employee.

17. Plaintiff was unlawfully terminated/discharged by defendant because he engaged in protected activity in the form of taking FMLA leave.

18. In the evening of on or about January 22, 2013, plaintiff's grandfather who lived with plaintiff, became seriously ill and plaintiff had to take him to the hospital.

19. Upon information and belief, plaintiff's grandfather was diagnosed with bronchitis and/or asthma – the grandfather's already serious condition was made even worse because of his advanced age of 85 years.

20. Plaintiff's grandfather was released to go home but required constant care and attention because of his serious illness and it was plaintiff that provided that care for his grandfather – plaintiff's grandfather had been living with and was dependent on plaintiff.

21. The next day after the hospital visit, plaintiff could not go to work - he notified defendant that he could not work because he had to care for his grandfather in light of the grandfather's serious health condition and the fact that he is the caretaker of his grandfather and his grandfather is dependent on plaintiff.

22. Plaintiff had to take care of his grandfather around the clock until the services of a home

3                                                    3

health aide could be arranged and paid for.

23. The second day plaintiff was unable to work, he asked defendant for FMLA leave but defendant subsequently denied his request because defendant explained that plaintiff could not qualify for FMLA leave because his grandfather was not a parent.

24. However, plaintiff's grandfather is considered a "parent" or a qualifying person under the FMLA because plaintiff's grandfather raised him as a child and care for him as child and functioned as a parent of plaintiff when plaintiff was a child. Moreover, plaintiff's grandfather was a dependent of plaintiff during the relevant periods in this action.

25. Plaintiff kept in frequent contact with defendant during the period he was absent from work caring for his grandfather.

26. On or about February 4, 2013, defendant sent plaintiff a letter, confirming the denial of FMLA leave and stating that plaintiff was being terminated because of his absence from work following the hospital visit and serious illness of plaintiff's grandfather – an absence which was caused by the fact that plaintiff had to care for his seriously ill grandfather.

27. Plaintiff provided defendant with notice of his grandfather's serious medical condition and need for FMLA leave as soon as practicable and reasonable.

28. At all times relevant herein, defendant was a covered employer under the FMLA.

29. At all times relevant herein, plaintiff was a covered employee under the FMLA and was qualified and entitled to the FMLA leave to claim for his grandfather in the circumstances of this case.

30. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

31. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FMLA RETALIATION/DISCRIMINATION - 29 U.S.C § 2617

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FMLA, 29 USC § 2601 et Seq., and the regulations thereunder.

34. At all times relevant herein, each defendant was a covered person or entity within the meaning of the FMLA, 29 USC § 2601 et Seq.

35. Defendant MCU, discharged/terminated plaintiff, in retaliation/discrimination and in violation of the FMLA including 29 USC § 2615 for engaging in protected activity as laid out above such as exercising his FMLA rights by taking FMLA leave.

### Relief Demanded

36. Defendant's FMLA violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to recover from defendant all his damages including his lost wages such as back pay and front pay/reinstatement, other losses and damages caused, interests, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 2617 (a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

37. Declare defendant (including its FMLA policy, practice and conduct) to be in violation of the rights of plaintiff, under the FMLA - 29 USC § 2601 et Seq., and the regulations thereunder.

38. As to the **First Cause of Action**, award Plaintiff pursuant to FMLA including 29 USC § 2617 all his damages recoverable under the FMLA, including his loss of income such as back

5                                   5

pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

39. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

40. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
March 6, 2013

Respectfully submitted,

*Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-468-3894
Email: abdul@abdulhassan.com

6